UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SAWSAAN TABBAA, HASSAN SHIBLY,
ASMAA ELSHINAWY, KAREMA ATASSI and
GALEB RIZEK,

                       Plaintiffs,
   v.                                    **DECISION AND ORDER**
                                                  05-CV-582S

MICHAEL CHERTOFF, *Secretary of the United States Dep't of Homeland Security*, ROBERT C. BONNER, *Comm'r of the United States Customs and Border Protection*, MICHAEL D'AMBROSIO, *United States Customs and Border Protection* and JOSEPH J. WILSON, *Buffalo Port Director for the United States Customs and Border Protection*,

                       Defendants.

     1.     Presently at bar is Plaintiffs' Motion for Recusal. This motion arises from the fact that Ms. Jill M. Skretny is Defendants' agency counsel in this case. Ms. Skretny is the undersigned's second cousin once removed[1] and previously served in the undersigned's chambers as an intern. At a status conference held on October 12, 2005, the parties were advised that the undersigned and Ms. Skretny do not maintain a personal or professional relationship, and in fact, rarely see or interact with one another. At that time, Plaintiffs' counsel requested the opportunity to consult with his clients on this issue, which the undersigned granted.

     2.     On October 17, 2005, Plaintiffs' filed the instant Motion for Recusal. On November 16, 2005, the undersigned filed an Order denying Plaintiffs' motion with decision to follow. Plaintiffs' motion was denied for the reasons stated below.

---

[1] Ms. Skretny is the daughter of the undersigned's second cousin.

3. At the outset, it must be noted that Plaintiffs concede that there exists no evidence of actual bias or prejudice such that recusal is required under 28 U.S.C. § 144. (See Plaintiffs' Memorandum, p. 2.) Moreover, Plaintiffs recognize that the undersigned's familial relationship to Ms. Skretny does not fall within "the third degree of relationship" requiring recusal as set forth in 28 U.S.C. § 455(b)(5). (See Plaintiffs' Memorandum, p. 2.) Nonetheless, Plaintiffs argue that the undersigned should recuse himself under 28 U.S.C. § 455(a) to avoid the appearance of bias or impropriety. Specifically, Plaintiffs contend that the undersigned's relationship to Ms. Skretny is sufficiently close to raise an appearance of bias or impropriety.

4. The recusal or disqualification of a federal district judge is generally governed by 28 U.S.C. § 455. In the first instance, "discretion is confided in the district judge . . . to determine whether to disqualify himself . . . ." In re Drexel Burnham Lambert, Inc, 861 F.2d 1307, 1312 (2d Cir. 1988) (citing Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987)). "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." Drexel, 861 F.2d at 1312.

5. Under 28 U.S.C. § 455(a), a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under this section is "objective" and requires the court to determine "whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." Drexel, 861 F.2d at 1313. However, § 455(a) "does not compel disqualification 'simply on unfounded innuendo concerning the possible partiality of the presiding judge.'" Cannino v. Barclays

Bank, No. 94-Civ-6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) (citation omitted). The Second Circuit has stated that "[a] judge is as much obliged *not* to recuse himself when it is not called for as he is obliged to when it is." In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002) (emphasis added) (quoting Drexel, 861 F.2d at 1312).

6.	Applying these standards, the undersigned finds that recusal is not appropriate. First, Ms. Skretny and the undersigned are distant relatives and do not maintain an active relationship. It is indeed the rare occasion that the undersigned and Ms. Skretny are ever in personal or professional contact. Second, as to Ms. Skretny formerly working as an intern in the undersigned's chambers, it is important to understand that Ms. Skretny interned almost nine years ago when she was an undergraduate student. Moreover, Ms. Skretny worked in chambers for only four weeks and did so in a non-legal capacity.

7.	With these tenuous connections being the only ones between Ms. Skretny and the undersigned, the undersigned's impartiality cannot reasonably be questioned. No reasonable person, knowing the distant familial relationship and understanding the relatively insubstantial nature of Ms. Skretny's prior internship experience, would conclude that recusal is required in this case. See United States v. El-Gabrowny, 844 F. Supp. 955, 961 (S.D.N.Y. 1994) ("Nothing in [§ 455(a)] should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial.") (citations omitted). It is for these reasons that the undersigned denied Plaintiffs' Motion for Recusal.

IT HEREBY IS ORDERED, that consistent with this Court's November 16, 2005 Order, Plaintiffs' Motion for Recusal (Docket No. 40) is DENIED.

SO ORDERED.

Dated: November 20, 2005
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge